# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH SCOTT,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN DOE, DR. PATEL, and THE UNITED STATES OF AMERICA,<br><br>        Defendants. | Civil Action<br>No. 18-17045(RMB/JS)<br><br>**OPINION** |

**BUMB, District Judge**

This matter comes before the Court upon Plaintiff Joseph Scott's submission of a prisoner civil rights complaint. (Compl., ECF No. 1.) Plaintiff is a prisoner currently confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").

I. BACKGROUND

On February 1, 2019, the late Honorable Jerome B. Simandle issued an Order permitting this case to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Order, ECF No. 3.] In that Order, the Court declined to issue a summons pending its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court must dismiss any claims that (1) are frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such

relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. For the reasons stated herein, the Court will dismiss the complaint without prejudice.

II. DISCUSSION

    A.   <u>The Complaint</u>

Plaintiff alleges the following facts in his complaint. On January 2, 2018, Defendant John Doe, a correctional officer employed at FCI Fort Dix whose identity was unknown to Plaintiff, entered the third floor bathroom in FCI-Fort Dix and subjected Plaintiff to a search. (Compl., ECF No. 1 at 8.) Plaintiff did not have any contraband. (<u>Id.</u> at 9.) Plaintiff "did not resist or threaten the officer in any fashion or break any prison rules." (<u>Id.</u>)

When Officer Doe asked Plaintiff where were "the cell phones and knives[,]" Plaintiff refused to respond. (<u>Id.</u>) Officer Doe allegedly responded by slamming Plaintiff on his neck, causing pain to Plaintiff's back. (<u>Id.</u>) Three days later, on January 5, 2018, Plaintiff saw a prison nurse regarding the pain he was experiencing. (<u>Id.</u>) The nurse ordered an x-ray that, two days later, revealed "fusion of the C5 and 6 vertebral bodies and facet joints" and "moderate endplate osteophyte formation at C6-7." (<u>Id.</u>, Exhibit A.)

After this incident, Plaintiff claims to have made repeated requests and grievances to prison officials in an

2

effort to get further medical treatment. (Id. at 9.) Plaintiff alleges that Dr. Patel is responsible for medical care generally at FCI Fort Dix, as well as for arranging outside treatment when necessary. (Compl., ECF No. 1 at 9.) Nearly a year passed and Plaintiff did not receive a response from the medical department. (Id.) He remained in great pain with a stiff spine. (Id.) Plaintiff alleges that he has exhausted all administrative remedies available to him with respect to the claims made in the complaint. (Id.)

Plaintiff brings five claims in his Complaint. (Id. at 9-10.) The first claim is for excessive force in violation of the Eighth Amendment against Officer Doe under 42 U.S.C. § 1983, sued in his official capacity. (Id.) The second is an assault and battery claim under New Jersey state law against Officer Doe. (Id. at 10.) The third is an Eighth Amendment claim for deliberate indifference to a serious medical need under 42 U.S.C. § 1983 against Dr. Patel. (Id.) The fourth claim is pled as a New Jersey tort claim against Dr. Patel. (Id.) For his fifth claim, Plaintiff alleges "the torts of assault and battery and negligence against the United States" under the Federal Tort Claims Act. (Id., ¶1 at 8.) Plaintiff seeks a declaratory judgment and monetary damages. (Id. at

10-11.)

   B.   *Sua Sponte* Dismissal

   Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

   A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.   Bivens Claims

Bivens actions[1] are the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). To state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Couden v. Duffy, 446 F.3d 483, 491

---

[1] The Court reserves the issue of whether Plaintiff's Bivens' claims arise in a new context which requires a special factors analysis before allowing the suit to proceed. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).

5

(3d Cir. 2006).

### 1. Eighth Amendment Excessive Force

Plaintiff first alleges an excessive force claim against Officer Doe in his official capacity. A Bivens suit against a federal employee in his or her official capacity is another way of pleading an action against the United States, which is barred by the doctrine of sovereign immunity. Brazelton v. Holt, 462 F. App'x 143, 146 (3d Cir. 2012.) Plaintiff's claim against Doe in his official capacity is, in essence, the same as an FTCA claim against the United States, which the Court addresses below. If Plaintiff wishes to bring a Bivens claim against Officer Doe, he must bring the claim against Doe in his individual capacity. See e.g. Lewal v. Ali, 289 F. App'x 515, 516-17 (3d Cir. 2008).

### 2. Eighth Amendment Deliberate Indifference to Serious Medical Need

Plaintiff also alleges an Eighth Amendment claim for deliberate indifference to his serious medical needs against Dr. Patel in his individual and official capacities. "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 108–09 (3d Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 10 (1976) (quoting Gregg

6

v. Georgia, 428 U.S. 153 (1976)). "Allegations of malpractice or disagreement as to the proper medical treatment are insufficient to establish a constitutional violation." Id.

Deliberate indifference to serious medical needs in violation of the Eighth Amendment's ban on cruel and unusual punishment may be shown

> [w]here prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,'" [Monmouth County Correctional Institutional Inmates v. Lanzaro,] 834 F.2d 326,] 346 [(3d 3d Cir. 1987)](quoting Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976)), and (2) "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,'" id. (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir.1985)) (alterations in original).

Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347 (quoting Pace v. Fauver, 429 F. Supp. 456, 458 (D.N.H. 1979) aff'd 649 F.2d 860 (3d Cir. 1981).

First, Plaintiff's Eighth Amendment claim against Dr. Patel in his official capacity is dismissed based on sovereign immunity. See Brazelton, 462 F. App'x at 146; Debrew v. Auman, 354 F. App'x

639, 641 (3d Cir. 2009) (stating Bivens action cannot be maintained against defendant in his official capacity.) As to Plaintiff's claim against Dr. Patel in his individual capacity, the Court assumes, for purposes of this screening opinion only, that the condition of Plaintiff's spine, reflected in the x-ray attached as Exhibit A to the complaint, constitutes a serious medical need. Plaintiff's Eighth Amendment claim against Dr. Patel is based on Plaintiff's assumption that Dr. Patel was notified of Plaintiff's sick call requests and prison grievances about his desire to have an MRI or consultation with an orthopedic specialist concerning the pain in his spine.

Plaintiff does not allege that he did not receive any treatment for his back pain. Absent such an allegation, even if Dr. Patel was aware of and failed to respond to Plaintiff's requests for an MRI or orthopedic specialist, this does not establish that Dr. Patel was deliberately indifferent to Plaintiff's serious medical needs. If medical staff provided Plaintiff with treatment, which was appropriate based on their medical judgment, failure to order an MRI or orthopedic consultation does not violate the Eighth Amendment. See Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (prisoner's belief that MRI or orthopedic consult should have been ordered was mere disagreement with course of treatment that failed to state an Eighth Amendment claim.) The Court will dismiss this

claim against Dr. Patel in his individual capacity without prejudice to Plaintiff filing an amended complaint if he can allege additional facts that state a claim for relief.

C. Claims Under the Federal Tort Claims Act

Plaintiff has named the United States of America as the defendant to his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), based on alleged assault and battery by Defendant John Doe. (Compl., ¶5, ECF No. 1 at 4.) Plaintiff asserts that he filed a Federal Tort Claim against John Doe and the United States. (Id.)

The Federal Tort Claims Act provides district courts with exclusive jurisdiction over

> civil actions on claims against the United States, for money damages, for … personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Pursuant to 28 U.S.C. § 2675, "an FTCA action 'shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency....'" White-Squire v. U.S. Postal Service, 592 F.3d 453, 457 (3d Cir. 2010) (quoting 28 U.S.C. §

9

2675(a)). The claim to the appropriate agency must "be finally denied by the agency in writing and sent by certified or registered mail" before a plaintiff may initiate a civil action. 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a). Furthermore, an FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency...." 28 U.S.C. § 2675(b). These requirements are jurisdictional. White-Squire, 592 F.3d at 458.

Plaintiff's allegation that he filed a Federal Tort Claim against John Doe and the United States is insufficient to establish the jurisdictional requirements for an FTCA claim. To establish jurisdiction over his FTCA claim(s), Plaintiff should allege when he filed the tort claim notice, whether he requested a sum certain, and when the claim was finally denied by the appropriate agency.

If Plaintiff wishes to allege a tort claim against Dr. Patel, assuming Dr. Patel is a federal employee, Plaintiff must also establish that he filed a Federal Tort Claim Notice regarding Dr. Patel's alleged negligence. See e.g. Santos ex rel. Beaton v. U.S., 559 F.3d 189, 192 (3d Cir. 2009).

IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the complaint without prejudice.

An appropriate Order follows.

Date: March 4, 2020

>s/Renée Marie Bumb
>**RENÉE MARIE BUMB**
>**United States District Judge**